**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:20-cr-20213-SHL** |
| | ) | |
| **MARCUS BURTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S MOTION IN LIMINE

COMES NOW the United States of America, by and through its counsel, Joseph C. Murphy, Jr., Acting United States Attorney for the Western District of Tennessee and Wendy K. Cornejo, Assistant United States Attorney for the Western District of Tennessee, and files this motion in the above-captioned case scheduled for trial on Monday, August 23, 2021, requesting the following at trial.

1.      That the defendant be prohibited from arguing during opening statement.  The defense should be prevented from making arguments during opening statements, which should instead be reserved for closing. *See United States v. Bermea*, 30 F.3d 1539, 1569-70 (5th Cir. 1994), *Cox v. Treadway*, 75 F.3d 230, 237 (6th Cir. 1996).

2.      That the defendant be prohibited from arguing or presenting evidence on the lawfulness of the seizure of any evidence in this case, as this is a legal issue and inappropriate information for the trier of fact. This prohibition should include any mention of the potential legality of the defendant's arrest.

3.      That the defendant be prohibited from commenting on the possible sentence the Court may impose on the defendant if the jury finds the defendant guilty.  The defense should be prevented from referencing in any way the possible penalty or punishment the defendant could receive in this matter, including any arguments that the jury's verdict could "deprive the defendant's liberty" or any similar phrase.  Sentencing and possible punishment is solely the province of the Court and it would be error for the jury to consider it.  *See* Sixth Circuit Pattern Criminal Jury Instruction 8.05; *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).

4.      The United States anticipates that the defense may argue or attempt to ask questions that suggest that the entirety of the Memphis Police Department, or all law enforcement in general, uses excessive force in certain cases. The defense may even want to explore stories recently widely circulated in the news media about officer-involved shootings and other situations when law enforcement has allegedly used excessive tactics or force. These issues can be sharply polarizing, divisive and distracting, and are of little probative value with respect to this single case.  This evidence would have little probative value in this case, and any such value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, and should therefore be excluded under FRE 403.

5.      The defense may also want to argue, or the jury may simply infer on its own, that the officers in this case acted in accordance with those prior bad acts of other officers.  That makes this potential propensity evidence.  Propensity evidence is clearly inadmissible pursuant to FRE 404(a) (1), and the Court should exclude it under this provision as well.

2

Respectfully Submitted,

JOSEPH C. MURPHY, JR.
Acting United States Attorney

By:    <u>s/ Wendy K. Cornejo</u>
Wendy K. Cornejo (IL#6281679)
Assistant United States Attorney
167 North Main, Suite 800
Memphis, Tennessee 38103
Telephone:    (901) 969-0303
Email:        wendy.cornejo@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Wendy K. Cornejo, Assistant United States Attorney, hereby certify that a true and correct copy of the foregoing has been forwarded by electronic means via the Court's electronic filing system.

This 2nd day of August 2021.

By:    <u>s/ Wendy K. Cornejo</u>
Wendy K. Cornejo (IL#6281679)
Assistant United States Attorney
167 North Main, Suite 800
Memphis, Tennessee 38103
Telephone:    (901) 969-0303
Email:        wendy.cornejo@usdoj.gov

3